those who facilitate a drug smuggling operation by filling a critical position without which the operation likely would fail." *Id.* at 1334.

 Even if Estupian abdicated his role as captain to one of the Colombians with whom he rendezvoused, because Estupian admittedly captained the vessel during the course of the conspiracy and guided the vessel to its rendezvous point to pick up the cocaine, the district court did not err in applying the § 2D1.1(b)(2)(B) enhancement. Upon review of the record, and consideration of the briefs of the parties, we find no reversible error.

**AFFIRMED.**

Jeff MacLeod, Rome, GA, for Defendant–Appellee.

Before ANDERSON and DUBINA, Circuit Judges, and ALBRITTON,* District Judge.

PER CURIAM:

Appellant challenges the findings of fact of the bankruptcy court, which findings were not disturbed by the district court. After oral argument and careful review, we cannot conclude that appellant has established that the findings were clearly erroneous.

**AFFIRMED.**

**In re:  Mark Anthony BAKER, Debtor.**

**Automotive Finance Corporation,
Plaintiff–Appellant,**

v.

**Mark Anthony Baker, Defendant–
Appellee.**

No. 05–14282.
D.C. Docket Nos. 05–00046 CV–HLM–
4, 02–50848 BKC–PW.

United States Court of Appeals,
Eleventh Circuit.

March 23, 2006.

Mark A. Gilbert, Valdosta, GA, for Plaintiff–Appellant.

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Donald R. ARNESON, Defendant–
Appellant.**

No. 04–14561.
D.C. Docket No. 99–06092–CR–UUB.

United States Court of Appeals,
Eleventh Circuit.

March 24, 2006.

---

* Honorable William H. Albritton, III, United States District Judge for the Middle District of Alabama, sitting by designation.